CHIESA SHAHINIAN & GIANTOMASI PC
Melissa A. Salimbene, Esq.
11 Times Square, 34th Floor
New York, New York 10036
msalimbene@csglaw.com
973.530.2092
*Attorneys for Plaintiffs*
*Manhead, LLC and Lace Up, LLC*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANHEAD, LLC and LACE UP, LLC, | Civil Action No.: 1:21-cv-07617-RA |
| Plaintiffs, | |
| v. | **ORDER OF PRELIMINARY INJUNCTION AND ORDER OF SEIZURE** |
| JOHN DOES 1-100, JANE DOES 1-100, and XYZ COMPANIES 1-100, | |
| Defendants. | |

Plaintiffs Manhead, LLC ("Manhead") and Lace Up, LLC ("Lace Up") (collectively "Plaintiffs") having moved by Order to Show Cause for an injunction enjoining and restraining the Defendants, and those acting in concert with them, from manufacturing, selling and/or distributing merchandise bearing the names, images, likenesses, logos or trademarks (collectively, the "Intellectual Property") of the performing artist professionally known as MACHINE GUN KELLY or MGK (the "Artist") during the Artist's current *Tickets to My Downfall* concert tour (the "Tour"), and service of the summons and complaint and supporting documents having been effected upon the Defendants; and Plaintiffs' application for a preliminary injunction and order of seizure having come on for a hearing before the Honorable Ronnie Abrams, United States District Judge, on the 27th day of September, 2021, at 3:00 p.m. at the United States District Court for the Southern District of New York, Thurgood Marshall

4848-9844-2237.v1

United States Courthouse, 40 Foley Square, New York, New York, 10007, in Courtroom 1506, and Defendants having been notified of said hearing, and Plaintiffs having appeared by their counsel, and there having been no other appearances;

**NOW**, on presentation and consideration of Plaintiffs' application for a preliminary injunction and order of seizure, the declaration submitted in support thereof, the physical evidence submitted at the preliminary injunction hearing, and the entire record in this case, the Court finds as follows:

1. By reason of the long, substantial and continuous use of the Artist's Intellectual Property, the Intellectual Property has acquired a meaning identified with the Artist and with products and services associated with him;

2. The Defendants, and those acting in concert or participation with them, have infringed upon Plaintiffs' rights in the Artist's Intellectual Property and right of publicity, and have as well committed acts of unfair competition against the Plaintiffs, by manufacturing, distributing, offering for sale, and selling unauthorized merchandise in connection with the Artist's tour that bears the Artist's Intellectual Property (the "Bootleg Merchandise") outside the venues of the Artist's concert performances on the Tour, without having obtained a license or any other authorization to do so;

3. The said acts of the Defendants, and those acting in concert or participation with them, constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a) in that they:

   (a) involve goods or services;

   (b) are activities which affect interstate commerce; and

   (c) are likely to cause confusion or deception as to the origin of the Bootleg Merchandise in that they falsely represent that such merchandise is made by, sponsored by, or otherwise associated with the Artist or the Plaintiffs;

4.  Defendants, and those acting in concert or participation with them, will continue to sell such unauthorized Bootleg Merchandise outside the venues of the Artist's concert performances on the Tour unless enjoined by the Court; and

5.  Copies of the Court's September 13, 2021 Order to Show Cause, the Summons and Complaint, Memorandum of Law and the supporting declarations have been served upon the Defendants, and Bootleg Merchandise has been seized from the Defendants;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendants, their agents, servants, employees, attorneys, successors, assigns, and all persons, firms, and corporations acting in concert or participation with said defendants, are enjoined and restrained from:

(i)  Using the Artist's Intellectual Property in connection with the sale, offering for sale, distribution, or advertising of any clothing or other merchandise; or

(ii) Manufacturing, distributing, selling, or holding for sale any clothing or other merchandise which carries or otherwise uses the Artist's Intellectual Property; or

(iii) Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED** that the United States Marshal for this district and the United States Marshal for any district in which Plaintiffs seek to enforce this order, upon Plaintiffs' advancing such sum as is required to cover their fees and expenses, or local law enforcement officials, Plaintiffs' counsel, representatives, or individuals acting under their respective authorization or supervision, are authorized, and the appropriate local or state police and other law enforcement authorities are hereby similarly authorized, to seize and impound any and all Bootleg Merchandise bearing the Artist's Intellectual Property which Defendants, or their agents, servants, employees, successors and assigns, and all those acting in concert or

participation with them, attempt to sell or are holding for sale outside the venues of the Artist's concert performances on the Tour, including any carton, bag, container, or other means of carriage in which the Bootleg Merchandise is transported or stored, from twenty-four (24) hours before to eight (8) hours after any concert performance of the Artist, and within a two (2) mile radius of any concert performance of the Artist on the Tour.

**IT IS FURTHER ORDERED** that such confiscated Bootleg Merchandise shall be delivered to Plaintiffs' counsel or representatives, or their designees, pending final disposition of this action.  All merchandise bearing the Artist's Intellectual Property which is sold, or held for sale, outside the venues of the Artist's performance locations on the Tour shall be deemed to be merchandise subject to the seizure provisions of this order.

**IT IS FURTHER ORDERED** that this preliminary injunction is conditioned upon personal service of a copy of this Order and the Summons and Complaint being made upon the Defendants or other persons enjoined hereby contemporaneously with the seizure authorized herein.

**IT IS FURTHER ORDERED** that any Defendant or other person enjoined hereby contemporaneously with the seizure authorized herein who is hereafter served with a copy of this Order and objects to its provisions may submit their objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiffs, or to Plaintiffs' authorized representative, pending final disposition of this matter.

5

**IT IS FURTHER ORDERED** that the injunctive and seizure provisions of this Order shall expire upon conclusion of the Artist's concert performance tour on December 18, 2021, unless otherwise extended by further order of this Court.

**IT IS FURTHER ORDERED** that the undertaking in the amount of $20,000.00 heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order is hereby continued until final disposition of this matter or further order of this Court.

_____
HON. RONNIE ABRAMS, U.S.D.J.

Dated:   New York, New York
         September 28, 2021